IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01777-WDM-CBS

IRENE PRICKETT,

      Plaintiff,

v.

ORMED, a German corporation; BIOMET, INC., an Indiana corporation; and EBI, LP, and Indiana limited partnership,

      Defendants.

---

## ORDER OF REMAND

---

Miller, J.

This case is before me on the Notice of Removal filed by Defendants Biomet, Inc. and EBI, LP.  Defendants removed this case to this Court on August 22, 2007 on the basis of diversity jurisdiction.  28 U.S.C. § 1332.  In their Notice, Defendants assert that there is complete diversity of citizenship between the parties.  Moreover, although Plaintiff's complaint does not allege a specified amount of damages, Defendants allege in their Notice of Removal that the amount in controversy exceeds $75,000.  However, because no facts or evidence are provided that would support this assertion, I cannot find that the requirements of diversity jurisdiction are met.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).  The amount in controversy is determined by the allegations of the complaint or, if the complaint is not

dispositive, by the allegations in the notice of removal.  *Id.* at 1290.  When the plaintiff's

damages are unspecified, as they are here, the defendant must establish the

jurisdictional amount by a preponderance of the evidence; the requisite amount in

controversy "must be *affirmatively established* on the face of either the petition or the

removal notice."  *Id.* (citations omitted; emphasis in the original).  There is a

presumption against removal jurisdiction and, therefore, all doubts are resolved in favor

of remand.  *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir.

2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

 I cannot determine from the face of the complaint the amount in controversy.

Defendants rely on Plaintiff's District Court Civil (CV) Case Cover Sheet for Initial

Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint, filed

pursuant to the Colorado Rules of Civil Procedure in the original state court action, to

establish this element.  This is a form accompanying initial pleadings that requires a

party to check boxes indicating whether "Simplified Procedure" under C.R.C.P. 16.1

applies.  Here, Plaintiff checked boxes indicating that "Simplified Procedure under

C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a

monetary judgment for more than $100,000.00 against another party, including any

attorney fees, penalties or punitive damages."  I decline to construe the checking of a

box on a cover sheet form to be adequate to establish the amount in controversy under

the applicable standards in this jurisdiction.  Since no other facts or evidence are

2

included in the Notice of Removal sufficient for me to find by a preponderance of the

evidence that the requirements of section 1332 are met, remand is appropriate.

Accordingly, it is ordered:

1.      This case shall be remanded to the District Court, Clear Creek County,

Colorado.

DATED at Denver, Colorado, on August 29, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge

3